**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ANTON EWING,

Plaintiffs,

v.

FARRELL K. LAYTON, *ET AL.*,

Defendants.

Case No. 14-cv-02951-BAS(MDD)

**ORDER DENYING PLAINTIFF'S MOTION FOR REMAND**

(ECF No. 4)

Plaintiff Anton Ewing ("Plaintiff") commenced this action in San Diego Superior Court on November 6, 2014 against Defendants Farrell K. Layton, Tracy Dishno, Stacee Botsford, Kaitlin Koehne, Shelley J. Zimmerman, San Diego Police Department, City of San Diego, County of San Diego, William D. Gore, and San Diego County Sheriff's Department alleging Defendants violated his constitutional and statutory rights under both state and federal law. (ECF No. 1-2.) Defendant Tracy Dishno removed this matter to this Court on December 15, 2014 pursuant to 28 U.S.C. §§ 1331, 1441(a) and (c). (ECF No. 1.) Plaintiff now moves to remand

this action to State court. (ECF No. 4.)

The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1). For the following reasons, the Court **DENIES** Plaintiff's motion to remand (ECF No. 4).

## I. BACKGROUND

Plaintiff commenced this action on November 6, 2014 in San Diego Superior Court. (ECF No. 1-2 ("Compl.").) Plaintiff alleges that "[o]n August 25, 2014, the San Diego Police Department and San Diego County Sheriff's Department, by and through its agents and officers, maliciously, intentionally and knowingly engaged in a false arrest, false imprisonment and battery of Plaintiff by handcuffing him against his will and forcing him into an extremely hot, locked San Diego Police Department police car for over 6 hours without food, water, bathroom break or a telephone call." (*Id*. at p. 2.) He further alleges the "San Diego Police Department and its agents engaged in threats and extortion attempts to get Plaintiff to talk," and "the conditions inside the Sheriff's Department holding cells was extreme, outrageous and unfit for human habitation." (*Id*.) Plaintiff was released approximately 30 hours after he paid bail. (*Id*.)

Plaintiff filed this civil rights action under 42 U.S.C. §1983 alleging (1) Defendants City of San Diego, San Diego Police Department, Layton, Dishno, Botsford, Koehne, and Zimmerman violated his Fourth Amendment right "to be free from arrest without probable cause" (*id*. at pp. 22-26); (2) Defendants County of San Diego and William D. Gore violated the Fourth Amendment when he "was subjected to an extended period of pretrial detention without a prompt judicial determination of probable cause to believe that he committed a crime" (*id*. at p. 26); (3) municipal liability against County of San Diego and William D. Gore for having *de facto* unconstitutional policies, including the "routine failure[] to take pretrial detainees to be arraigned within 48 hours of their detention" (*id*. at pp. 27-28); (4) Defendants City of San Diego, San Diego Police Department, and Zimmerman

violated his Fourth Amendment right when they brought "media representatives or other third parties into [his] home during the execution of [his] arrest" (*id*. at pp. 28-29); (5) Defendants City of San Diego, San Diego Police Department and Zimmerman failed to maintain adequate and proper training for police officers (*id*. at pp. 29-31); and (6) Defendants City of San Diego, San Diego Police Department and Zimmerman, as a matter of custom, practice, and policy, failed to supervise and discipline police officers "to prevent, deter and punish wrongful arrests and detentions" (*id*. at pp. 29-31).

Plaintiff also brings state law causes of action for false imprisonment (*id*. at pp. 32-34), intentional infliction of emotional distress (*id*. at pp. 34-35), negligent infliction of emotional distress (*id*. at pp. 35-36); negligence (*id*. at pp. 36-37); and violation of California Civil Code § 52.1 (*id*. at pp. 37-43) relating to the events surrounding his August 25, 2014 arrest. Plaintiff also alleges, in the alternative, that California Penal Code section 128 is unconstitutional. (*Id*. at p. 39.)

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566 (citations

omitted); *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380.

Any civil action "of which the district courts of the United States have original jurisdiction" may be removed to district court. 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1446(b), a defendant must file a notice of removal within 30 days after being served with a complaint alleging a basis for removal. 28 U.S.C. § 1446(b); *Quality Loan Serv. Corp. v. 24702 Pallas Way, Mission Viejo, CA 92691*, 635 F.3d 1128, 1132 (9th Cir. 2011). Each defendant has 30 days after service of the initial pleading to file a notice of removal. 28 U.S.C. § 1446(b)(2)(B); *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011). "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C).

When there are multiple defendants, all defendants named in the complaint who have been properly served in the action must also join in or consent to the removal. 28 U.S.C. § 1446(b)(2)(A); *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986). "One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009).

A motion to remand must be made within 30 days after the filing of the Notice of Removal. 28 U.S.C. § 1447(c). Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. *Id.*

## III. DISCUSSION

Plaintiff does not dispute that the Court has original jurisdiction over his Section 1983 civil rights claims and may exercise supplemental jurisdiction over his related state law claims. *See* 28 U.S.C. §§ 1343(a)(3) & 1367(a); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). Rather, Plaintiff seeks to remand this action because of claimed procedural deficiencies in Defendant Dishno's Notice

of Removal.

Plaintiff seeks to remand this matter on the following grounds: (1) the Notice of Removal was untimely as more than thirty days passed between the date the served Defendants knew about the lawsuit and the date of removal; (2) Plaintiff claims three of the Defendants – City of San Diego, William D. Gore, and San Diego County Sheriff's Department – had not been served with the state court summons at the time of removal, thus Defendant Dishno had not obtained the consent of all defendants in order to properly effect removal; (3) additional defendants will be named in the future and they have not consented to removal; and (4) Defendant Dishno failed to attach "a copy of all process, pleadings, and orders served upon such defendant or defendants" in the State court action pursuant to 28 U.S.C. § 1446(a). (ECF No. 4 at p. 3.)

**A. Timeliness of Defendant Dishno's Notice of Removal**

Defendant Dishno, an officer with the San Diego Police Department, was formally served with a copy of the Summons and Complaint on December 4, 2014 by personal service on Sergeant Jose Chavez. (ECF No. 4 ("Mot") at p. 4; ECF No. 14 ("Opp.") at Ex. 2; ECF No. 1-2 at 49 ("Proof of Personal Service").) Her Notice of Removal was filed on December 15, 2014. (ECF No. 1.)

Plaintiff claims Defendant Dishno received a copy of the Complaint earlier than December 4, 2014, when he emailed a draft copy of the Complaint to the City's Community Relations Officer on September 4, 2014 and when he sent a copy of the filed Complaint to "the person in charge of the case for the City of San Diego" on November 6, 2014, thus triggering the removal period earlier. (Mot at p. 4.) However, "actual notice of the action is insufficient; rather, the defendant must be 'notified of the action, and brought under a court's authority, by formal process,' before the removal period begins to run." *Quality Loan Serv. Corp.*, 635 F.3d at 1132 (quoting *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999)). Defendant Dishno filed her Notice of Removal within 30 days of being

formally served. Accordingly, Defendant Dishno's Notice of Removal was timely.

**B. Attaching Copies of Process and Pleading**

A notice of removal shall include "a copy of all process, pleadings, and orders served upon such defendant or defendants" in the State court action. 28 U.S.C. § 1446. Plaintiff contends that Defendant Dishno failed to attach discovery pleadings. (Mot. at pp. 6-7.) However, discovery does not constitute process, pleadings, or orders. *Visicorp v. Software Arts, Inc.*, 575 F.Supp. 1528, 1531 (N.D. Cal. 1983), abrogated on other grounds by *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22 (1988). Therefore, Defendant Dishno was not required to include the documents with her Notice of Removal.

**C. Joinder or Consent of All Defendants**

Only those defendants who have been properly served must join in or consent to the removal of the action. 28 U.S.C. § 1446(b)(2)(A); *Destfino*, 630 F.3d at 956-57. As of the date of removal, Defendants City of San Diego, County of San Diego, William D. Gore, and the San Diego County Sheriff's Department had not yet been served. (*See* ECF No. 1-2 at 49 ("Proof of Personal Service"); Mot at p. 3; Opp. at p. 4.) Accordingly, those Defendants, and any defendants yet to be named, were not required to consent or join in the removal.

**IV. CONCLUSION & ORDER**

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to remand (ECF No. 4).

**IT IS SO ORDERED.**

**DATED: March 11, 2015**

Cynthia Bashant

**Hon. Cynthia Bashant**
**United States District Judge**